Peaesokt, C. J.
 

 The plaintiff alleges, that he executed the bond on which the judgment, in question, was obtained as a surety of the defendant, Jones, and complains that Carter, who also executed the bond as a surety of Jones, having obtained control of the judgment by taking an assignment to his use, is about to collect the wdrole of it from him. Carter does
 
 *202
 
 not aver that he executed the bond nf the request of Kearney, but says he did so, under the. belief that he was becoming the surety of both Kearney and Jones, because Jones told him that such was the fact, and that the. bond was givc-n to Harrell, in part, to secure the payment of the hire of certain slave's, who had worked on the female academy at Murfreesborongh, and in part for money, to pay debts contracted for the purposes of the building, and that he and Kearney were copart-ners in the contract for erecting the building.
 

 Upon the coming in of the answer, the injunction is dissolved and replication taken. The plaintiff files as an exhibit the bond, by which it appeals that it was drawn with three seals, and that Kearney had affixed his signature to the
 
 last seal,
 
 and Jones and Carter had then put their names underneath with
 
 new seals.
 
 He also oilers the deposition of one Motley, who deposes that Jones handed him a bond for §1000, signed first by Jones, and then by Kearney and Carter, and directed him to hand it to Harrell and get the money for it. Harrell refused to accept it, because the names were not written opposite the seals. lie returned it to Jones, who afterwards handed him the draft of the bond, above referred to, for $1000, and directed him to carry it to Kearney for his sigua-ture. Kearney put his name to the
 
 third
 
 seal, and deponent handed it to Jones.
 

 The defendant, Carter, files as an exhibit, an account rendered by one Little and Bridger against Jones and Kearney, for a quantity of lumber, with an entry at the foot, “Received of
 
 W.
 
 A. Kearney $260, in part of the above. March 23d, 1856.” (Signed) Little & Bridger; on which the defendant, Jones, has written a certificate, that the articles were used in the building of the female academy, at Murfreesborongh. Upo» this evidence the cause is set for hearing, and transferred to this Court!!!
 

 Upon the argument here, it being manifest that there was a defect of proof, the case was put not on its merits, but on. the effect of the answer, and on which side lies the burden of proof.
 

 
 *203
 
 The counsel of Carter are mistaken in supposing that bis answer, pnt the plaintiff under the necessity of proving that he was
 
 not ct,principal
 
 in the bond. On the contrary, as Carter admits that he executed the bond, without any request on the part of Kearney, or any communication with him, in respect to it, and upon the mere request of Jones, and upon his representation of the matters connected with it, these affirmative matters, from which he insists that Kearney is, by implication, a principal, must be proven by him ; for otherwise, there is nothing, except the naked representation of Jones, (upon which it was his folly to rely) to support the imputation, that Kearney was a principal. The exhibit, Little and Bridgers’ account rendered, is not competent evidence. So, Carter has offered no evidence of the affirmative matter, alleged by him, as a ground for the inference that Kearney was a principal, and that he, Carter, has the rights of a surety in respect to him, notwithstanding his admission, that he executed the bond at’ the instance of Jones, audi without any request on the part of Kearney. Being reluctant to decide a case on the ground, that no evidence was offered, when the party apparently relied on the effect of his answer, we were, at first, inclined to have an enquiry, or to direct “ issues” to be tried at law ; but on reflection, andl after a full search for a precedent, which we were unable to find, our conclusion is, that when parties set a cause for hearing on bill, answer, replication, exhibits and proofs, and the evidence fails as to a matter, essential to the equity of the plaintiff, or to the defense relied by the defendant, and not simply to a matter
 
 collateral
 
 and secondary to the relief or defense, it is not in the course of the Court to direct an enquiry by the master, nor to direct an issue to bo tried at law, which is intended not to support a
 
 want
 
 of testimony, but to relieve the Court, where there is a
 
 conflict
 
 of testimony, nor to direct an action to be brought, which is done, when the matter is properly cognizable at law, but for some cause, the aid of this Court is invoked, not because of an original equity, but because of some impediment which would prevent or interfere with an action, at law. un
 
 *204
 
 less the parties were put under the direction of this Court, in (respect to the exercise of legal rights and defenses, arising ifroin accident, fraud, surprise, &c., of which, it is against conscience to take advantage.
 

 It must be declared that the defendant, Carter, did not be-fóme the surety of the plaintiff at his instance or request, and 'that the defendant, Carter, has failed to prove that the plain’tiff was concerned, or bound as a principal in the bond, by ¡reason of any benefit which he was to have under it.
 

 Pee. CuRiam, The plaimtiff will have a decree for the one ¡half of the amount, which he has been forced to pay, with interest and his ¡costs.